Annie Mallett and                                                    Civ. No. 04-3169 (PAM/AJB)
Jessie Mallett,

                    Plaintiffs,

v.                                                                          **ORDER**

Pharmacia & Upjohn Co., et al.,

                    Defendants.

_____

On September 30, 2010, this Court ordered the parties to file memoranda addressing

whether this matter should be transferred to another, more convenient, judicial district under

28 U.S.C. § 1404(a). After reviewing the parties' submissions, the Court has determined that

transfer is appropriate.

Section 1404 provides, "[f]or the convenience of parties and witnesses, in the interest

of justice, a district court may transfer any civil action to any other district or division where

it might have been brought." 28 U.S.C. § 1404(a). When considering whether to transfer

an action under section 1404(a), the Court must engage in a "case-by-case evaluation of the

particular circumstances at hand and a consideration of all relevant factors." Terra Int'l, Inc.

v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). As required by the statute, the

Court first considers "the convenience of the parties and witnesses [and] the interest[s] of

justice." 28 U.S.C. § 1404(a); see also Terra Int'l, 119 F.3d at 691. These factors are not

exhaustive, and the Court must "weigh in the balance a number of case-specific factors."

Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).

Plaintiff does not oppose the transfer of this action to her home district, the Northern District of Illinois. She notes that all of her treating physicians are located in Illinois and are beyond the subpoena power of a Minnesota court. Given courts' preference for live testimony, she contends that a transfer will promote the interests of justice by allowing her to present live testimony to fully explain her claims to a jury.

Defendants, conversely, oppose the transfer. They contend that, having chosen Minnesota as the forum for her lawsuit, Plaintiff should be forced to live with that decision. Defendants make the creative argument that courts in other states should not have to apply Minnesota's generous statute of limitations. According to Defendants, those states have determined that a generous statute of limitations is not warranted, and asking Illinois to apply a different statute of limitations "will be subverting Illinois's policy." (Def.'s Mem. Opp'n Transfer (Docket No. 14) at 6.) Defendants maintain that comity demands that the Court not impose a burden on Illinois courts to try cases involving Illinois residents because those cases require the application of a statute of limitations different than that applied in Illinois.

But this is what federal courts do. Federal courts apply different laws, often laws that are distinctly different or in conflict with the law of the federal court's home state. It is not a burden on Illinois courts to ask them to try cases involving Illinois residents, no matter whose law applies.

As Defendants recognize, the interests of justice is perhaps the most important factor in the section 1404(a) analysis. (See id. at 2 n.1 (citing cases).) Here, the interests of justice

clearly require the transfer of this action to the Northern District of Illinois. Plaintiff is a citizen and resident of Illinois. All of the events giving rise to the lawsuit occurred in Illinois. All of Plaintiff's witnesses are in Illinois. Minnesota simply has no connection with the facts of this case, nor does Minnesota have an interest in providing a forum for Plaintiff's claims. As other judges of this District have recognized, "Minnesota does not appear to be convenient for <u>anyone</u> . . . . <u>Any</u> state with <u>any</u> connection to this lawsuit would be more convenient than Minnesota." <u>Powell v. I-Flow Corp.</u>, 711 F. Supp. 2d 1012, 1015 (D. Minn. 2010) (Schiltz, J.) (emphases in original); <u>see also</u> Order, <u>Cabot v. Wyeth LLC</u>, No. 10-cv-729 (Oct. 20, 2010) (Ericksen, J.) (same).

Defendants' arguments amount to a request that the Court penalize Plaintiff for attempting to take advantage of favorable law. The law does not support that view of the forum non conveniens doctrine, however. Indeed, as the Supreme Court has pointed out, "[t]he desire to take a punitive view of the plaintiff's actions should not obscure the systemic costs of litigating in an inconvenient place." <u>Ferens v. John Deere Co.</u>, 494 U.S. 516, 529 (1990). None of Defendants' arguments establish that Minnesota is a more convenient forum. As such, the systemic costs of litigating this case in Minnesota weigh strongly in favor of transferring this action to a more convenient forum, namely the Northern District of Illinois.

Having considered the relevant section 1404(a) factors, the Court finds that those factors require the transfer of this action to the Northern District of Illinois.

Accordingly, **IT IS HEREBY ORDERED that** pursuant to 28 U.S.C. § 1404(a), this case is hereby **TRANSFERRED** to the United States District Court for the Northern District of Illinois.


Dated: <u>Thursday, October 28, 2010</u>        *s/ Paul A. Magnuson*

                                                  Paul A. Magnuson
                                                  United States District Court Judge